[Cite as *State v. McGlown*, 2017-Ohio-669.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                       Court of Appeals No. WD-16-030

        Appellee                                 Trial Court No. 2015 CR 551

v.

Kalvin McGlown                                 **DECISION AND JUDGMENT**

        Appellant                                Decided:  February 24, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Martha S.
Schultes and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Kalvin McGlown, appeals the May 19, 2016 judgment of the

Wood County Court of Common Pleas sentencing him following his conviction of one

count of theft.  For the reasons that follow, we affirm.

**{¶ 2}** On January 7, 2016, appellant was charged by a bill of information with one count of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree. Appellant pled not guilty.

**{¶ 3}** On March 17, 2016, appellant withdrew his not guilty plea and entered a guilty plea to one count of theft. On May 13, 2016, a sentencing hearing was held and appellant was sentenced to 11 months in prison. The court ordered that the sentence be served consecutively to appellant's nine-month prison sentence imposed by the Lucas County Court of Common Pleas. This appeal ensued.

**{¶ 4}** Appellant sets forth one assignment of error:

Appellant's sentence is contrary to law.

**{¶ 5}** Appellant argues the trial court made certain findings but the record does not support the court's conclusions.

**{¶ 6}** The appellate standard of review for felony sentences is set forth in R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.* In determining whether a sentence is clearly and convincingly contrary to law, the approach in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, can provide guidance. *Id.* at ¶ 15.

2.

Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Id.*

{¶ 7} Here, the record shows at the sentencing hearing appellant made a statement, as did his attorney, before the sentence was imposed. The trial court referred to the presentence investigation which set forth appellant's lengthy criminal record for both juvenile and adult crimes. The court indicated, based on everything before it, a sentence consecutive with the Lucas County prison sentence was necessary to protect the public and punish appellant. The court noted consecutive sentences were not disproportionate to the seriousness of appellant's course of conduct, and the danger posed to the public. The court also observed appellant's history of criminal conduct necessitated consecutive sentences in order to protect the public and punish appellant.

{¶ 8} We find the trial court properly considered the purposes and principles of sentencing, as stated in R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12. We further find the trial court made the required R.C. 2929.14(C)(4) statutory findings for consecutive sentences, and the record, including the presentence report, supports all of the court's findings. We further find the 11-month prison sentence

3.

imposed upon appellant is within the permissible statutory sentencing range for a fifth degree felony.  *See* R.C. 2929.14(A)(5).

{¶ 9} Based on the foregoing, we conclude the 11-month sentence imposed on appellant by the trial court is not contrary to law.  Accordingly, appellant's assignment of error is not well-taken.

{¶ 10} The judgment of the Wood County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE